**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 98-1533(EGS) |
| v. | ) ) |
| WILLIAM P. TRAINOR, *et al.*, | ) ) |
| Defendants. | ) ) |

### ORDER

The Securities and Exchange Commission ("SEC") brought this case against defendant William Trainor and others in 1998.  The case was stayed by the Court in January 2002 after the government filed criminal charges against the defendant in Miami, Florida.  Pending before the Court is defendant Trainor's pro se motion to lift the stay and dismiss the complaint on the grounds that the SEC violated his Fifth Amendment rights by sharing compelled information with the Department of Justice ("DOJ") that was used in his criminal prosecution.  For the reasons below, the Court finds that this motion lacks merit.

In his motion, defendant contends that the SEC violated his Fifth Amendment right against self-incrimination by transferring documents, which had been produced under compulsion, to DOJ for use in its criminal prosecution.  Defendant specifies that the compelled documents in question are copies of his passport and

1

bank records of New England Diagnostics, a Florida corporation owned by defendant.  Defendant argues that this case is similar to other cases where the government was found to have unlawfully used an SEC investigation to gather evidence for a criminal prosecution.  *See United States v. Stringer*, 408 F. Supp. 2d 1083 (D. Or. 2006); *United States v. Scrushy*, 366 F. Supp. 2d 1134 (N.D. Ala. 2006).

In the cases cited by defendant, the government intentionally and deceptively utilized an SEC investigation to gather evidence for a criminal prosecution.  *See Stringer*, 408 F. Supp. 2d at 1087-88 (finding that prosecutors "elected to gather information through the SEC," concealed the criminal investigation from defendants, "resort[ed] to subterfuge to maintain the secrecy" of their involvement, and engaged in trickery and deceit); *Scrushy*, 366 F. Supp. 2d at 1138-39 (finding that SEC investigation was directed by prosecutors seeking evidence and that criminal investigation was intentionally concealed).  In the instant case, there is no evidence that the SEC misled the defendant or the Court about any possible criminal prosecution.  Nor is there any evidence that the SEC improperly acted under the direction of DOJ.  Therefore, defendant's reliance upon *Stringer* and *Scrushy* is misplaced.

Moreover, the documents at issue here are not even protected by Fifth Amendment privilege.  The Supreme Court has held that

the Fifth Amendment "limits the relevant category of compelled incriminating communications to those that are 'testimonial' in character." *United States v. Hubbel*, 530 U.S. 27, 34 (2000). Thus, "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." *Id.* at 35.

Here, there is nothing to suggest that production of the documents in question had any "testimonial" aspect. *See id.* at 36-37. Therefore, the production of defendant's passport did not implicate the Fifth Amendment. *See id.* at 35-36; *United States v. Anello*, 765 F.2d 253, 260 (1st Cir. 1985). Similarly, the production of the corporate bank records falls outside the privilege. *See Hubbel*, 530 U.S. at 35-36; *Couch v. United States*, 409 U.S. 322, 328 (1973) (holding that Fifth Amendment "necessarily does not proscribe incriminating statements elicited from another"); *see also Braswell v. United States*, 487 U.S. 99, 109 (1988) ("a corporate custodian such as petitioner may not resist a subpoena for corporate records on Fifth Amendment grounds"). Therefore the Court finds no violation of defendant's constitutional rights. Accordingly, it is

**ORDERED** that defendant's motion to lift the stay and dismiss the complaint is **DENIED**.

    SO ORDERED.

Signed:    Emmet G. Sullivan
            United States District Judge
            April 12, 2007